UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 19-21700-CV-MORENO
MAGISTRATE JUDGE REID

JESSIE WIMSY JONES,

    Plaintiff,

v.

FLORIDA DEP'T OF CORR.,
et al.

    Defendants.
_____/

## **REPORT OF MAGISTRATE JUDGE**

### I.   Introduction and Background

This Cause is before the Court upon periodic review of the case in light of this Court's previous orders directing Plaintiff to amend his complaint. [ECFs 6, 9, and 13]. This civil rights action presents a procedural history that amounts to the failure of Plaintiff to comply with this Court's orders.

At present, no defendants have been served with process. The procedural history of this case is worthy of discussion. On or about May 4, 2019, Plaintiff filed a complaint pursuant to 42 U.S.C. § 1983 as an impermissible shotgun pleading. [ECF 1]. Plaintiff has sued the Florida Department of Corrections (FDOC), Turner Guilford Knight Correctional Facility (TGK), an unnamed "mental health correction

supervisor," the State of Florida, Lt. Davis, and Sgt. Miller is no model of clarity. [*Id*.]. As best can be determined, Plaintiff was in mental health treatment at TGK from September 27, 2017 through November 17, 2017. [*Id*. at p. 2]. Defendant Miller took him to a cell where a group of "white Spanish inmates" had an icepick. [*Id*.]. Plaintiff seems to allege that he was stabbed and was bleeding from his back and was then taken to medical for evaluation. [*Id*.]. Plaintiff provides no other facts regarding the incident. [*Id*.]. Corporal Jean transported Plaintiff to Jackson Memorial Hospital. [*Id*.]. Officer Applewhite notified Captain Jones, Lt. Green, Lt. Smith, and a female lieutenant. [*Id*.]. Plaintiff claims he is not safe and is afraid he may get stabbed while in custody. He seeks $350,000,000 in damages. [*Id*. at pp. 2-3].

The Court issued an order to amend, identifying certain deficiencies in the complaint. [ECF 6]. The Court also advised Plaintiff of the futility of suing entities (i.e. FDOC, State of Florida) covered by established immunity doctrines, particularly, Eleventh Amendment immunity. [*Id*.]. The Court provided Plaintiff with specific instructions and the proper form for filing a § 1983 action, and ordered him to submit his amended complaint by June 1, 2019. [*Id*.]. The Court noted that failure to comply with Court orders would result in dismissal of the case. [*Id*.].

Plaintiff filed *three* amended complaints: one on May 23, 2019 [ECF 7]; and two others on June 18 [ECFs 11, 12]. The Court acknowledged that Plaintiff was litigating at least three § 1983 actions in this Court and advised Plaintiff that it

appeared that the complaints were filed in the instant case in error, in particular, because ECF 7 and ECF 12 did not seem to be at all related to the allegations of the instant case. [*Id.* at p. 2]. Although ECF 11 seemed to be more closely related to the initial complaint, in an abundance of caution the Court explained these matters in its order striking the three amended complaints and gave Plaintiff another opportunity to amend to ensure there was no confusion. [*Id.* at p. 3]. Again, the Court explained the prohibition of filing shotgun pleadings and the futility of suing parties covered by established immunity doctrines. [*Id.* at pp. 3-5]. Accordingly, Plaintiff was granted until ***August 30, 2019***, to file a proper amended complaint. [*Id.* at p. 8]. The Court reminded Plaintiff that failure to comply with Court orders would result in dismissal of the case. [*Id.*]. The Court granted Plaintiff *in forma pauperis* status and established a debt for the filing fee. [ECF 14].

As of the date of this Report, Plaintiff has failed to comply with the Court's order regarding the filing of an amended complaint that comports with the Rules governing these proceedings. The Court must now address Plaintiff's failure to comply with this Court's directive and failure to prosecute this case. For the reasons set forth below, the undersigned recommends that the complaint be dismissed with prejudice.

## II.   Discussion

A district court may dismiss a plaintiff's claims *sua sponte* pursuant to either Fed. R. Civ. P. 41(b) ("Rule 41(b)") or the court's inherent authority to manage its docket. *Link v. Wabash Railroad Company*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a plaintiff's claims where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, No. 05-12660, 2005 U.S. App. LEXIS 22496, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)); *cf.* Local R. 41.1(b) ("[T]he assigned Judge may, after notice to counsel of record, *sua sponte* ... dismiss any action for want of prosecution, with or without prejudice[,] ... [based on] willful disobedience or neglect of any order of the Court." (emphasis omitted)). Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

While this Court carefully exercises its discretion to dismiss cases, dismissal of this action with prejudice is warranted given Plaintiff's record in this case. *See Morewitz v. West of England Ship Owners Mutual Protection and Indemnity, Ass'n.*, 62 F.3d at 1366. The Eleventh Circuit has found that a plaintiff's failure to follow a court's lawful order is strike-worthy as being an abuse of the judicial process. *See Malautea v. Suzuki Motor Co.*, 987 F.2d 1536, 1544 (11th Cir. 1993).

Here, Plaintiff failed to amend his complaint in the manner requested by the Court; therefore, the case is unable to proceed. In addition, Plaintiff was given ample time to follow the Court's directive but failed to comply. Accordingly, this case should be DISMISSED with prejudice for failure to prosecute and failure to follow this Court's orders.

Moreover, it would be futile for Plaintiff to amend his complaint. Although 28 U.S.C. § 1915(e) applies only to those proceeding *in forma pauperis*, a court has the authority to dismiss a complaint for failure to state a claim regardless of whether the inmate is able to pay the filing fee. 28 U.S.C. § 1915A(b)(1). Section 1915A requires screening of any "civil action in which a prisoner seeks redress from a governmental entity or officer or employee." 28 U.S.C. § 1915A(a). "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. § 1915A(b); *see also Bingham v. Thomas*, 654 F.3d

5

1171, 1175 (11th Cir. 2011) (*per curiam*) ("A district court may dismiss *sua sponte* a complaint [under § 1915A] if it…fails to state a claim." (quotation omitted)). The standard employed in this screening is the same as the standard used for a motion to dismiss. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006). The facts alleged in the complaint are accepted as true, and the complaint will not be dismissed if it "include[s] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1106-07 (11th Cir. 2015) (quotation omitted). Furthermore, courts hold complaints that *pro se* prisoners file to "less stringent standards than formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (*per curiam*).

    Here, Plaintiff filed a shotgun pleading where he names a number of defendants including the State of Florida and the FDOC yet fails to specify which acts or omissions are attributable to any defendant. *See Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F. 3d 1313, 1321-23 (11th Cir. 2015). The Eleventh Circuit has repeatedly condemned the use of shotgun pleadings for "imped[ing] the administration of the district courts' civil docket." *PVC Windoors, Inc., v. Babbitbay Beach Constr., N.V.*, 598 F. 3d 802, 806 n. 4 (11th Cir. 2010). Such pleadings are unacceptable forms of establishing a claim for relief and are due to be dismissed.

S*trategic Income Fund, LLC v. Spear, Leeds & Kellogg Corp.*, 305 F. 3d 1293, 1296 (11th Cir. 2002).

The complaint makes general, conclusory allegations against the State and the FDOC simply because the detention center falls under the general umbrella of the State. The State of Florida and the FDOC are immune from monetary damages based upon the Eleventh Amendment. *Gamble v. Fla. Dep't. of Health and Rehabilitative Services*, 779 F.2d 1509, 1512-13 (11th Cir. 1986). This is so because the Eleventh Amendment of the U.S. Constitution bars suit against a state in federal court absent valid congressional override, waiver of immunity, or consent to suit. *See Wusiya v. City of Miami Beach*, 614 F. App'x 389, 393 (11th Cir. 2015) (alteration added). Section 1983 does not abrogate state sovereign immunity for damage suits; and Florida has not waived its immunity from § 1983 suits. *Id*. A state and an agency of a state are, thus, immune from liability under § 1983. *See Williams v. Robbins*, 153 F. App'x 574, 576 (11th Cir. 2005). This Eleventh Immunity bar applies regardless of whether a plaintiff seeks money damages or prospective injunctive relief. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Because Plaintiff fails to state a claim against any of the defendants and the State of Florida and the FDOC are covered by Eleventh Amendment immunity, it is futile for Plaintiff to amend.

### III.     Recommendations

For the reasons set forth above, the undersigned recommends that the case against the defendant be DISMISSED with prejudice pursuant to Rule 41(b) for Plaintiff's failure to prosecute and abide by the orders of this Court and because Plaintiff fails to state a claim against any named defendant under which relief may be granted. Accordingly, the Court should close the instant case.

Objections to this report may be filed with the District Court Judge within fourteen days of receipt of a copy of the report. Failure to do so will bar a de novo determination by the District Court Judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).

Signed this 6th day of November, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     Jessie Wimsy Jones
        Miami-Dade County
        TGK Correctional Center
        Inmate Mail/Parcels
        7000 NW 41st Street
        Miami, FL 33166
        PRO SE